NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT E. RANDOLPH,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7069

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2481, Chief Judge Bruce E. Kasold.

---

Decided: August 11, 2014

---

ROBERT E. RANDOLPH, of Baton Rouge, Louisiana, pro se.

VERONICA N. ONYEMA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director.

Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before PROST, *Chief Judge,* LOURIE and HUGHES, *Circuit Judges.*

PER CURIAM.

Robert E. Randolph ("Randolph") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *See Randolph v. Shinseki*, No. 13-2481, 2013 WL 6169316 (Vet. App. Nov. 22, 2013) ("*Order*"). Because Randolph's arguments challenge only factual findings and an application of law to fact, we dismiss for lack of jurisdiction.

## BACKGROUND

On August 16, 2013, Randolph filed a petition for extraordinary relief in the nature of a writ of mandamus at the Veterans Court, alleging that the Secretary: (1) removed, destroyed and mutilated relevant evidence in Randolph's claim file; (2) refused to process Randolph's claim for dental benefits; (3) refused to address Randolph's complaints of racial discrimination and constitutional violations; (4) reevaluated Randolph's already service-connected disabilities without prior notice; (5) intentionally delayed Randolph's claims; (6) attempted to unlawfully reduce Randolph's benefits for his service-connected disabilities; (7) found Randolph less credible solely because of his race; and (8) ignored the Department of Veterans Affairs' ("VA") own rules and regulations. *Id.* at *1.

Randolph's petition requested that the Veterans Court order the Secretary to:

>(1) provide [Randolph] with all letters, directives, procedures, forms, and methods by which acts of discrimination asserted by veterans are addressed; (2) address any racially discriminatory acts that have adversely affected the outcome of any decision in his claims; (3) investigate his claims of constitutional violations and racial discrimination, to include acts of intentional delay, and destruction and removal of evidence; (4) certify and expedite his pending appeal to the Board of Veterans' Appeals [("Board")]; and (5) process a claim for dental benefits.

*Id.* On September 23, 2013, the Veterans Court denied the petition. *Id.* Randolph filed a motion for reconsideration, which the Veterans Court granted. *Id.* The Veterans Court then withdrew its initial order denying Randolph's petition and entered a new order. *Id.*

In the new order, the Veterans Court again denied Randolph's request for a writ of mandamus. *Id.* First, the Veterans Court concluded that it lacked jurisdiction to compel discovery of the procedures and documents relating to the VA's processing of allegations of discrimination by veterans. *Id.* Secondly, the Veterans Court held that Randolph failed to provide evidence in support of his allegations of intentional delay, racial discrimination, and the destruction or removal of documents from the record. *Id.* at *2. The Veterans Court also noted that Randolph failed to establish jurisdiction with respect to those allegations because the allegations involved neither a final Board decision nor a petition that would lead to a final Board decision. *Id.* Third, with respect to his dental claim, the Veterans Court found that Randolph had not demonstrated delay amounting to an arbitrary refusal to act that would warrant granting the writ. *Id.* Fourth, the Veterans Court held that Randolph failed to demonstrate a delay in his hypertension claim that was so extraordinary that it constituted a refusal to act. *Id.* And finally,

the Veterans Court rejected as unsupported Randolph's allegations that the VA's opening of a claim for total disability based on individual employability was done solely to delay the appeal of his hypertension claim. *Id.* Thus, the Veterans Court denied the petition. *Id.*

On February 7, 2014, the Veterans Court granted Randolph's motion for panel review, but affirmed the single-judge decision on the ground that Randolph failed to show that the Veterans Court overlooked or misunderstood any point of fact or law with respect to its rejection of Randolph's arguments. *See Randolph v. Shinseki*, No. 13-2481, 2014 WL 496857 (Vet. App. Feb. 7, 2014)

Randolph then appealed to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). We may also review a Veterans Court decision with respect to legal questions raised in an appeal that challenge the Veterans Court's denial of a petition for a writ of mandamus. *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Randolph argues that the Veterans Court misconstrued the facts underlying his petition and further disputes the Veterans Court's determination that such facts were insufficient to warrant issuance of the writ. However, those arguments challenge only the Veterans Court's fact-finding and application of law to the facts of Ran-

dolph's case, which are matters outside of our jurisdiction. *See id.*; s*ee also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact."). Here, the Veterans Court decision did not involve any questions regarding the validity or interpretation of a statute or regulation. Rather, the Veterans Court merely applied established law to the facts of Randolph's case. *See Order*, at *1–2. Moreover, nowhere does Randolph allege that the Veterans Court erroneously applied the mandamus doctrine.

Randolph further alleges constitutional due process violations in his informal brief. However, the Veterans Court did not address any constitutional issues in its decision. Without an explanation providing an adequate basis for Randolph's claims, they are constitutional claims in name only and thus outside of our jurisdiction. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (Characterization of an appeal as "constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

We have considered the additional arguments presented in Randolph's informal appeal brief but do not find them persuasive. Randolph raises neither a substantial constitutional issue nor other legal question. For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.