NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN A. SPEAR,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7114

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1160, Judge Mary J. Schoelen.

---

Decided:  December 8, 2014

---

STEVEN A. SPEAR, of Crawfordville, Florida, pro se.

GREGG PARIS YATES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and SCOTT D. AUSTIN, Assistant Director.  Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Counsel, and TRACEY PARKER WARREN, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

————————————

Before DYK, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Steven A. Spear appeals the U.S. Court of Appeals for Veterans Claims' denial of his petition for a writ of mandamus. Mr. Spear's petition sought a writ of mandamus to direct the Board of Veterans' Appeals to act on his appeal of a claim to recover benefits that were allegedly unlawfully applied to satisfy an overpayment due to his incarceration. Because Mr. Spear has not raised any issue of law that falls within our limited jurisdiction, we dismiss the appeal.

I

Mr. Spear has filed a number of petitions for writ of mandamus with the Veterans Court, requesting it to order the Board to act on his February 2011 appeal of a claim to recover benefits that were allegedly unlawfully applied to satisfy an overpayment due to his incarceration. *See Spear v. Shinseki*, No. 14-1160, 2014 WL 2112964 (Vet. App. May 21, 2014) (*Spear IV*); *Spear v. Shinseki*, No. 13–2485, 2013 WL 6020010 (Vet. App. Nov. 14, 2013) (*Spear III*); *Spear v. Shinseki*, No. 12–3692, 2013 WL 500844 (Vet. App. Feb. 12, 2013) (*Spear II*); *Spear v. Shinseki*, No. 12–1495, 2012 WL 3064856 (Vet. App. July 30, 2012) (*Spear I*). Each of these petitions has been denied.

In response to Mr. Spear's November 2013 petition, the Secretary of Veterans Affairs notified the Veterans Court that the Board had issued a decision on October 22, 2013, remanding his appeal to the Regional Office for further development. *Spear III*, 2013 WL 6020010, at *1. Specifically, the Board had directed the Regional

Office to contact the correctional institution where Mr. Spear is incarcerated to schedule a videoconference hearing or, if a hearing could not be scheduled, to inform Mr. Spear of alternatives to offering personal testimony. *Spear IV*, 2014 WL 2112964, at *1 (citing *Steven Spear*, BVA 09–27823A (Oct. 22, 2013)). Accordingly, the Veterans Court denied his November 2013 petition as moot. *Spear III*, 2013 WL 6020010, at *2.

On April 14, 2014, Mr. Spear filed the petition for writ of mandamus at issue here. *Spear IV*, 2014 WL 2112964, at *1. The Veterans Court noted that the Regional Office still had not issued a final decision on Mr. Spear's claim. *Id.* However, it found that Mr. Spear had not shown that he had a clear and indisputable right to the writ, because the six-month delay between the Board's October 22, 2013 remand and the filing of the petition-at-issue was not an extraordinary delay equivalent to an arbitrary refusal to act. *Id.* On July 9, 2014, the Veterans Court granted Mr. Spear's motion for a panel decision and adopted the Veterans Court's May 21, 2014 decision in full. *Spear v. Gibson*, No. 14-1160, 2014 WL 3339603 (Vet. App. Jul. 9, 2014). Mr. Spear appeals.

## II

This court's jurisdiction to review decisions of the Veterans Court is limited. *See* 38 U.S.C. § 7292. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." *Id.* § 7292(a), (d)(1). But we do not have jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2). For appeals involving a denial of a petition for writ of mandamus, we have jurisdiction to

review the denial if it "raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). Still, however, "[w]e may not review the factual merits of the veteran's claim." *Id.*

Mr. Spear appears to raise two main issues on appeal: (1) whether the Department of Veterans Affairs improperly withheld disability payments in violation of 38 U.S.C. §§ 5313 and 7111; and (2) whether the Veterans Court violated § 7261(a)(2) or Veterans Court Rule 47 by denying his petition for a writ of mandamus directing the Board to act on his appeal.

Neither of these issues raises a legal question within our jurisdiction. First, the Veterans Court's decision does not consider or otherwise rely on §§ 5313 and 7111. The only issue before the Veterans Court was whether Mr. Spear was entitled to a writ of mandamus due to the Board's delay. Accordingly, Mr. Spear's first argument does not raise any question of law "relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a).

Second, whether Mr. Spear satisfied the requirements for a writ of mandamus is a challenge to the Veterans Court's application of law to facts, over which we have no jurisdiction. *See Beasley*, 709 F.3d at 1158.

Mr. Spear also argues that the Veterans Court's failure to grant the writ of mandamus violates his due process rights. However, this argument appears to simply put a due process label on his arguments that are based on the Code and the Veterans Court's Rules. Thus, this argument is no more than an invocation of a constitutional label, which is not enough to sidestep the congressionally-prescribed limits on this court's jurisdiction over review of factual matters and applications of law to fact. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Because Mr. Spear has not raised any issue within our limited jurisdiction, we must dismiss his appeal.

### DISMISSED

No costs.