NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY A. PEET,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1493

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3340, Judge Margaret C. Bartley.

---

Decided: May 8, 2017

---

GREGORY A. PEET, Grand Island, NE, pro se.

MICHAEL ANTHONY RODRIGUEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, SCHALL, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Gregory A. Peet appeals an order and judgment of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *See Peet v. McDonald*, No. 16-3340, 2016 WL 7321797, at *2 (Vet. App. Dec. 16, 2016); J.A. 4 (judgment). We dismiss Mr. Peet's appeal for lack of jurisdiction.

## BACKGROUND

The instant appeal concerns Mr. Peet's receipt of veteran benefits. The U.S. Department of Veterans Affairs ("VA") found Mr. Peet and a dependent entitled to various benefits based on Mr. Peet's service-connected disability. Appellee's App. 5. In March 2013, the VA awarded benefits to Mr. Peet. *Id.* The VA subsequently received new information about Mr. Peet, which prompted two major changes to his awarded benefits. *Id.* First, the dependent has been removed from the award upon notification that the dependent had not been eligible to receive benefits since August 2012, and an overpayment of $3,527.97 was assessed against Mr. Peet for dependent-related benefits. *Id.* at 6. Second, an overpayment of $60,788.80 was assessed against Mr. Peet for benefits erroneously awarded while he was incarcerated. *Id.* at 7.

Mr. Peet then filed a request for waiver of indebtedness, which we understand currently remains pending before the VA for consideration. *Id.* at 8; *see* Appellee's Br. 1−5 (statement of facts noting only that the VA took the waiver into consideration in November 2016). He also filed a Notice of Disagreement contesting the overpayment assessed for the dependent-related benefits. Appellee's App. 9; Appellee's Br. 4. The VA rejected the Notice

as incomplete, but provided instructions for Mr. Peet to correctly re-file the Notice. Appellee's App. 9–11. Mr. Peet has not re-filed the Notice. *See Peet*, 2016 WL 7321797, at *1.

Meanwhile, Mr. Peet filed a petition for a writ of mandamus with the Veterans Court seeking the reversal of the two overpayments of benefits under a theory of res judicata. *Id.* The Veterans Court denied Mr. Peet's Petition, finding that Mr. Peet failed to show the "lack of adequate alternative means to obtain the desired relief" required for a writ of mandamus because a VA regional office is currently considering Mr. Peet's request for waiver of both overpayments. *Id.* at *1, *2. The Veterans Court also found that Mr. Peet failed to show "a clear and indisputable right" as required for a writ of mandamus because a VA regional office may consider the dependent-related overpayment once Mr. Peet submits a complete Notice of Disagreement form. *Id.* Mr. Peet appealed.

## DISCUSSION

This court may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2012). Unless the case presents a constitutional issue, the court may not review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

For appeals involving a denial of a petition for a writ of mandamus, we have jurisdiction to review a decision of the Veterans Court "that raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *see Lamb v. Principi*, 284 F.3d 1378, 1381−82 (Fed. Cir. 2002). While we possess jurisdiction to "determine whether the [veteran] has satisfied the legal standard for issuing the writ," we may "not review the factual

merits of the veteran's claim." *Beasley*, 709 F.3d at 1158. The denial of a petition for a writ of mandamus is reviewed for an abuse of discretion. *Lamb*, 284 F.3d at 1382.

We agree with the Government that we lack jurisdiction to review Mr. Peet's claims. Two independent grounds bar our review. First, Mr. Peet does not contest the Veterans Court's findings that both of his claims objecting to reclamation of overpayments are currently being reviewed or are reviewable by the VA, and that those decisions would be appealable through the normal course to the Veterans Court and then to this court for consideration. *Peet*, 2016 WL 7321797, at \*2; *see generally* Appellant's Br. Therefore, Mr. Peet has not presented a non-frivolous legal question for us to review. *See Beasley*, 709 F.3d at 1158.

Second, even if Mr. Peet addressed the Veterans Court's findings, we could not review them. The findings in question involve both findings of fact—e.g., that Mr. Peet's claims are still being considered at the VA regional offices—and an application of law to disputed facts—e.g., that the writ was improper because there were alternative appeal routes. We lack jurisdiction to review such claims. *See id.*

The only argument that Mr. Peet makes that could be construed as a non-frivolous legal argument is that the principles of res judicata or collateral estoppel bar the VA from collecting its overpayments or re-evaluating the initial amount of benefits awarded. Mr. Peet seems to allege that 38 C.F.R. § 3.104 (2015) prevents the VA from re-opening any determination because "[a] final and binding agency decision shall not be subject to revision on the same factual basis." Appellant's Br. 6; *see id.* at 3−6. However, the Government has shown, and Mr. Peet does not contest, that all changes to his benefits were made upon receipt of new factual information, meaning that the

VA did not revisit his benefits award on the same factual basis. *See* Appellee's App. 6–7; *see generally* Appellant's Br. As a consequence, Mr. Peet has not shown that he satisfied the legal standard for the application of res judicata or collateral estoppel.

Mr. Peet also suggests broad constitutional violations with respect to the VA's adjudication of his benefits. *See, e.g.*, Appellant's Br. 2–3, 6, 10. Yet claims that are constitutional "in name only" do not suffice to confer jurisdiction on the court, *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999), and Mr. Peet has presented no arguments for us to evaluate beyond the bare assertions of constitutional wrongdoing, *see Randolph v. McDonald*, 576 F. App'x 973, 975 (Fed. Cir. 2014) ("Without an explanation providing an adequate basis for [an appellant]'s claims, they are constitutional claims in name only and thus outside of our jurisdiction." (citation omitted)).

## CONCLUSION

We have considered Mr. Peet's remaining arguments and find them unpersuasive. For these reasons, the Order and Judgment of the U.S. Court of Appeals for Veterans Claims are

**DISMISSED**

## COSTS

No costs.