NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ASAFO AMEN EL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1715

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00927-PEC, Judge Patricia E. Campbell-Smith.

---

Decided: July 11, 2018

---

ASAFO AMEN EL, Detroit, MI, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by LISA LEFANTE DONAHUE, ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER.

---

Before LOURIE, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Asafo Amen El ("El") appeals from the order of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. *El v. United States*, No. 17-927 C, 2018 WL 739761, at \*3 (Fed. Cl. Feb. 7, 2018) ("*Decision*"). For the reasons that follow, we *affirm*.

## BACKGROUND

El is a retired employee of the United States Postal Service who receives an annuity for disability retirement under 5 U.S.C. § 8337. He filed a complaint in the Court of Federal Claims challenging the calculation of his annuity under a variety of theories, including improper garnishment, unjust enrichment, fraud, and violations of the Double Jeopardy Clause and the Fourth and Fifth Amendments to the United States Constitution. *Decision*, 2018 WL 739761, at \*1.

After reviewing the complaint's various theories and arguments, the Court of Federal Claims determined that El basically alleged that the United States Office of Personnel Management ("OPM") miscalculated his disability-retirement annuity, resulting in deficient payments. *Id.* Such allegations, the court concluded, fall under the disability retirement provisions of 5 U.S.C. § 8337. *Id.* at \*2. Because the court reasoned that OPM and the Merit Systems Protection Board (the "Board") have jurisdiction over § 8337 claims, not the Court of Federal Claims, the court dismissed El's complaint for lack of subject matter jurisdiction. *Id.* at \*2–3 (citing *Agee v. United States*, 77 Fed. Cl. 84, 88 (2007)).

El appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review *de novo* the Court of Federal Claims' decision to dismiss a complaint for lack of subject matter jurisdiction. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). El has the burden of establishing the jurisdiction of the Court of Federal Claims over his claims by a preponderance of the evidence. *Id.* We accept as true all undisputed facts in the complaint and draw all reasonable inferences in favor of the plaintiff. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

El argues in his informal brief that his annuity should be calculated as 80% of $57,987, not $54,561 as computed by OPM. Informal Br. ¶ 7. OPM's miscalculation, El alleges, resulted in a deficiency in his annuity payments of $60,072.40. *Id.* El contends that this alleged deficiency in several annuity payments violated his due process rights and the Takings Clause of the Fifth Amendment. *Id.*; Reply Br. 1–3.

The government responds that the Court of Federal Claims lacked jurisdiction over El's claim that OPM incorrectly calculated his annuity. According to the government, Congress charged OPM with adjudicating all claims arising under the various retirement provisions of title 5, 5 U.S.C. § 8347(b); *id.* § 8461(c); *see* 5 C.F.R. § 831.101(a), subject to review by the Board, 5 U.S.C. § 8461(e)(1), and this court thereafter, 5 U.S.C. § 7703(b)(1)(A). Because Congress did not include the Court of Federal Claims within the scheme for adjudicating disputes over retirement annuities and benefits, the government maintains that the Court of Federal Claims "is barred from adjudicating [El's] retirement related claims." *Agee*, 77 Fed. Cl. at 92.

We agree with the government that the Court of Federal Claims lacked subject matter jurisdiction over El's complaint. Substantively, El challenges only OPM's

calculation of his retirement benefits. Those challenges must be brought in the first instance at OPM, because OPM "shall adjudicate all claims" arising under the respective retirement provisions of title 5. 5 U.S.C. § 8347(b); *id.* § 8461(c); *see generally Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 773–75 (1985) (reviewing the history of the Civil Service Reform Act of 1978 and the role of OPM, which is "responsible for administering the Retirement Act"). And while El invokes the Takings Clause of the Fifth Amendment, that "is no more than an invocation of a constitutional label." *Spear v. McDonald*, 586 F. App'x 591, 593 (Fed. Cir. 2014). El presents no constitutional challenge distinct from his general allegation that OPM miscalculated his annuity. That is not enough to circumvent Congress's choice placing adjudications of retirement benefits under title 5 within the purview of OPM, subject to review by the Board and then this court.

In sum, we agree with the Court of Federal Claims that it lacked subject matter jurisdiction over El's claims challenging OPM's calculation of his retirement annuity. Those claims must be raised in the first instance at OPM.

CONCLUSION

For the foregoing reasons, we *affirm* the decision of the Court of Federal Claims.

**AFFIRMED**

COSTS

Each party shall bear its own costs.