NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KAREN KRAMER,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2112

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-6754, Judge Amanda L. Meredith.

---

Decided:  January 11, 2021

---

KAREN KRAMER, Mission Viejo, CA, pro se.

ZACHARY JOHN SULLIVAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United Stats Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, *Chief Judge*, WALLACH and CHEN, *Circuit Judges*.

PER CURIAM.

Appellant, Karen Kramer, appeals an order and judgment of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") denying her petition for a writ of mandamus. *See Kramer v. Wilkie*, No. 19-6754, 2020 WL 1238376, at *2 (Vet. App. Mar. 16, 2020); S.A. 32 (Judgment).[1] To the extent Ms. Kramer appeals the denial of her petition for writ of mandamus, we have jurisdiction pursuant to 38 U.S.C. § 7292(a) and (c), and affirm. To the extent Ms. Kramer argues that the Veterans Court should have reached the merits of her underlying claim, we dismiss for lack of jurisdiction.

## BACKGROUND

The instant appeal concerns the denial of Ms. Kramer's petition for a writ of mandamus by the Veterans Court. Ms. Kramer is the stepdaughter of the Veteran in this matter, Paul Reiss, who owned a Veterans Affairs ("VA") life insurance policy under the National Service Life Insurance ("NSLI") program. S.A. 11.[2] In addition to the NSLI policy, Mr. Reiss also purchased a private life insurance policy from MetLife Insurance Company. *Metro. Life Ins. Co. v.*

———————————

[1]    In keeping with the parties' naming of the appendices, "A.A." refers to the appendix attached to Ms. Kramer's opening brief, and "S.A." refers to the appendix attached to the Secretary of Veterans Affairs' ("the Secretary") response brief.

[2]    For ease of reference, we cite to the Board's undisputed findings of fact, unless otherwise noted. *See* J.A. 11–14 (Vacate Order), 22–28 (Remand Order); *see also* Appellant's Br. 4 ("The facts in this case are not in dispute.").

*Cohen*, No. 11-cv-04108, 2013 WL 5537359, at \*1 (E.D.N.Y. Oct. 7, 2013); S.A. 12.   After Mr. Reiss died in February 2008, Sylvia Reiss, Mr. Reiss's wife and mother of Ms. Kramer, filed a claim for the insurance benefits as the sole primary beneficiary under the NSLI policy.   S.A. 23. Ms. Reiss died in February 2009, and Ms. Kramer proceeded with Ms. Reiss's claim. S.A. 23–24.[3]  In April 2009, the VA denied Ms. Reiss's claim after determining that Mr. Reiss had changed the primary beneficiary on his NSLI policy to his three biological children: Lawrence Reiss, Joette Cohen, and Elissa Harris.  A.A. 4.  Mr. Reiss made the exact same change to his private life insurance policy.  A.A. 5.  Ms. Kramer appealed the VA's decision to the Board of Veterans' Appeals ("Board"), S.A. 22, and challenged the changes made to the private life insurance policy before the U.S. District Court for the Eastern District of New York ("District Court"), *see Metro. Life Ins.*, 2013 WL 5537359, at \*1.

In February 2014, Ms. Kramer and Mr. Reiss's biological children agreed to settle the NSLI and private life insurance policy disputes, and a copy of the agreement ("the Settlement Agreement") was submitted to the District Court.  Stipulation of Settlement, *Metro. Life Ins. Co. v. Cohen*, No. 11-cv-04108 (E.D.N.Y. Feb. 24, 2014), ECF. No. 40.  The relevant terms of the agreement state that "it is . . . stipulated and agreed that the proceeds of the life insurance policy issued by the [VA] on the life of Paul Reiss . . . shall be split . . . into two equal one half shares, with the [biological] children of Paul Reiss taking one equal half and the children of Sylvia Reiss taking one equal half." *Id.* at 1–2.  The District Court accepted the Settlement Agreement and stated that while "[t]he terms agreed [to] concerning the [VA] policy [are] part of this agreement,"

---

3   Ms. Kramer is the personal representative of Ms. Reiss's estate.  S.A. 11.

they were "not part of the case before th[e] [District C]ourt." Docket Entry, *Metro. Life Ins. Co. v. Cohen*, No. 11-cv-04108 (E.D.N.Y. Feb. 24, 2014), ECF. No. 40. In September 2014, Ms. Kramer submitted a copy of the Settlement Agreement to the VA and the Regional Office & Insurance Center ("ROIC") and requested that the proceeds of the NSLI policy be distributed in accordance with the Settlement Agreement. S.A. 24. In October 2016, Ms. Kramer submitted email correspondence ("the 2016 Email Correspondence") to the VA and ROIC that further explained that "the parties were all in agreement and that the matter was no longer contested[.]" S.A. 25. In November 2017, the Board dismissed Ms. Kramer's appeal as it interpreted the 2016 Email Correspondence submission as a request to withdraw the appeal. S.A. 25. In January 2018, Ms. Kramer filed a motion for reconsideration and "clarified that she did not intend to withdraw [her] appeal and reiterated her request that the Board issue an order mandating that the . . . NSLI proceeds be distributed" pursuant to the Settlement Agreement. S.A. 25.[4]

In September 2019, Ms. Kramer filed a petition for a writ of mandamus ("Petition") with the Veterans Court, seeking an order to compel the VA to distribute the proceeds of the NSLI in accordance with the Settlement Agreement. S.A. 4–6. In October 2019, the Board vacated its dismissal, reinstated Ms. Kramer's appeal, and scheduled a hearing for December 2019. S.A. 25. Consequently, the Veterans Court deferred ruling on the Petition until after the December 2019 Board hearing. S.A. 8. In December 2019, the Board concluded that the VA "ha[d] not made

---

[4]    According to the Veterans Court, the "VA has already disbursed the NSLI policy proceeds" to Mr. Reiss's biological children, *Kramer*, 2020 WL 1238376, at \*1; however, it is unclear from the record when exactly the VA distributed the proceeds.

an initial determination as to whether it would be proper to disburse the proceeds of the . . . NSLI policy in accordance with the . . . [S]ettlement [A]greement," S.A. 27, and therefore remanded Ms. Kramer's claim back to the VA, S.A. 28; *see* S.A. 22–28. In January 2020, on remand, the VA determined that: (1) it was "precluded by federal law from paying the policy proceeds according to the . . . [S]ettlement [A]greement"; and (2) although "federal law permits designated beneficiaries to assign their interest to a certain class of people, such as a widow, [the] VA cannot compel the designated beneficiaries to assign their interest in the policy proceeds to [Ms.] Reiss'[s] estate." S.A. 15; *see* S.A. 14–16.

In February 2020, Ms. Kramer appealed the VA's decision to the Board, S.A. 17, which appears to be pending before the Board. *See generally* S.A. 17.[5] Meanwhile, in March 2020, the Veterans Court denied Ms. Kramer's Petition. *Kramer*, 2020 WL 1238376, at *2. The Veterans Court explained that Ms. Kramer "ha[d] not demonstrated that she lack[ed] adequate alternative means to attain the relief she desires[,]" and that Ms. Kramer's "remedy in this case is to pursue her appeal before the Board." *Id.* Ms. Kramer filed a motion for panel consideration and the panel adopted the single judge's decision. S.A. 29–30. Ms. Kramer appealed.

---

[5]    The Veterans Court stated that "the case will soon be returned to the Board for adjudication," *Kramer*, 2020 WL 1238376, at *1; however, the Secretary and Ms. Kramer are both silent as to whether the Board has adjudicated her February 2020 appeal, *see* Appellee's Br.; Appellant's Reply 12 n.3. Accordingly, we presume the appeal is pending before the Board.

DISCUSSION

I. Standard of Review and Legal Standard

Our jurisdiction in appeals from the Veterans Court under 38 U.S.C. § 7292 is limited.  We have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions."    38 U.S.C. § 7292(d)(1).  Except where a constitutional claim is raised, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2); *see Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Those limits apply equally to an appeal under § 7292 of a Veterans Court decision on a petition for a writ of mandamus; in particular, we may not review a Veterans Court decision whether to grant a mandamus petition asserting a statutory claim unless a "non-frivolous legal question" is properly presented.  *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *see Robles v. Wilkie*, 815 F. App'x 527, 528 (Fed. Cir. 2020) (dismissing an appeal from a Veterans Court decision dismissing-in-part and denying-in-part a petition for a writ of mandamus, where the petitioner "ha[d] not identified a non-frivolous legal question" on appeal).

Under the All Writs Act ("AWA"), a petitioner may seek a writ of mandamus from the Veterans Court.  *See* 28 U.S.C. § 1651 (providing, in relevant part, that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); *see Cox v. West*, 149 F.3d 1360, 1363–64 (Fed. Cir. 1998) (holding that the AWA extends to the Veterans Court). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976).  For any court to grant a writ of mandamus, three requirements must be satisfied:  (1) the petitioner "must have no other adequate

means to attain" the desired relief; (2) the petitioner must show that the right to the relief is "clear and indisputable"; and (3) exercising its discretion, the issuing court must decide that the remedy "is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for the Dist. of D.C.,* 542 U.S. 367, 380–81 (1976) (internal quotation marks, alterations, and citations omitted). Further, where the petitioner seeks relief from "unreasonable delay" in VA proceedings, *see* 38 U.S.C. § 7261(a)(2) (providing that the Veterans Court may "compel action of the Secretary unlawfully withheld or unreasonably delayed"), the Veterans Court must also consider the factors articulated in *Telecomms. Rsch. & Action Ctr. v. FCC* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984); *see Martin v. O'Rourke*, 891 F.3d 1338, 1349 (Fed. Cir. 2018) (holding that *TRAC* factors provide the appropriate framework for analyzing mandamus petitions based on alleged unreasonable delay by the VA).[6]  We review

---

[6]    The *TRAC* factors are:

(1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find "any impropriety lurking behind agency lassitude" in

denial of a petition for a writ of mandamus for abuse of discretion. *See Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011) (reviewing the Veterans Court's denial of writ of mandamus for abuse of discretion).

### II. The Veterans Court Did Not Abuse its Discretion or Commit Legal Error in Denying the Petition

The Veterans Court "conclude[d] that [Ms. Kramer] ha[d] not demonstrated that she lack[ed] adequate alternative means to attain the relief she desire[d]," and that "[f]rom the information before the [Veterans] Court, it appear[ed] that [Ms. Kramer]'s remedy in this case [wa]s to pursue her appeal before the Board." *Kramer*, 2020 WL 1238376, at *2. The Veterans Court further explained that "[a] petition for extraordinary relief cannot be used as a substitute for the administrative process." *Id.* Ms. Kramer raises two arguments. First, Ms. Kramer contends that the Veterans Court "erred in concluding that [Ms. Kramer] had 'adequate alternative means' to attain relief." Appellant's Br. 13 (capitalization normalized). Second, Ms. Kramer argues that the Veterans Court erred by "relying exclusively on *Cheney*" and "not conducting any analysis of the *TRAC* factors." *Id.* (emphasis omitted).

The Veterans Court did not abuse its discretion or commit legal error in denying the Petition. The Veterans Court correctly denied Ms. Kramer's petition because Ms. Kramer was unable to meet all the requirements for a writ of mandamus. Specifically, Ms. Kramer failed to satisfy the first requirement of *Cheney*, i.e., that she have no other adequate means to attain the desired relief, namely, distribution of the proceeds of the NSLI policy in keeping with the

---

> order to hold that agency action is unreasonably delayed.

*Martin*, 891 F.3d at 1344–45 (quoting *TRAC*, 750 F.2d at 80).

Settlement Agreement. *See Cheney,* 542 U.S. at 380–81. In January 2020, after the Board remanded the matter to the VA, the VA, through a reasoned decision, denied Ms. Kramer's request to disburse the proceeds of the NSLI policy in accordance with the Settlement Agreement. S.A. 15. Thereafter, in February 2020, Ms. Kramer appealed the VA's decision to the Board, S.A. 17, which appears to be pending before the Board, *see Kramer*, 2020 WL 1238376, at *1 (stating that "the case will soon be returned to the Board for adjudication"). Ms. Kramer's February 2020 appeal is her adequate alternative means to attain relief, and thus, Ms. Kramer is unable to satisfy *Cheney*'s first requirement, that she has no other adequate means besides a writ of mandamus to obtain the relief she desires.[7] Accordingly, the Veterans Court correctly determined that Ms. Kramer did not satisfy the first requirement of *Cheney*.

Ms. Kramer's counterarguments are unpersuasive. First, Ms. Kramer argues that pursuant to *Martin*, the Veterans Court abused its discretion and committed reversible error by not applying the *TRAC* factors to determine whether the VA has unreasonably delayed in its process. Appellant's Br. 12–13 ("[T]h[is] [c]ourt directed the [Veterans Court] to conduct a 'searching inquiry,' meaning a detailed and systematic judicious examination, of each of the six *TRAC* factors." (citing *Martin*, 891 F.3d at 1348)). Specifically, Ms. Kramer, relying on *Mote v. Wilkie*, 976 F.3d 1337 (Fed. Cir. 2020), argues that the Veterans Court "must first analyze the six *TRAC* factors and then, 'as informed' by such analysis, consider the three *Cheney*

---

[7]    Alternatively, if it is the case that the VA has already disbursed the proceeds of the NSLI policy to the designated beneficiaries, Ms. Kramer might file suit against Mr. Reiss's biological children to enforce the Settlement Agreement. Therefore, Ms. Kramer may have yet another adequate means to attain the desired relief.

conditions," and that "by not conducting any analysis of the *TRAC* factors," the Veterans Court committed legal error. Appellant's Br. 13 (emphasis omitted) (citing *Mote*, 976 F.3d at 1343). Ms. Kramer is incorrect.

"In *Martin*, [we] adopted the *TRAC* standard as the appropriate standard for the Veterans Court to use in evaluating mandamus petitions alleging unreasonable delay by the VA." *Mote*, 976 F.3d at 1343 (citing *Martin*, 891 F.3d at 1348). Accordingly, "before dismissing or otherwise denying mandamus petitions alleging unreasonable agency delay," the Veterans Court should consider the *TRAC* factors. *Id.* at 1344. We also "acknowledged that 'all three [*Cheney*] requirements must [still] be demonstrated for mandamus to issue,'" *id.* at 1344 (quoting *Martin*, 891 F.3d at 1343 n.5), and that *TRAC* did not supplant the entire mandamus analysis, *id.* However, as we explained in *Mote*, we have not "resolve[d] specifically where and how *TRAC* fits in" with the *Cheney* analysis, nor do we need to resolve such a question today. *Id.* at 1344 n.6; *see Martin*, 891 F.3d at 1343 n.5 (remanding "for the Veterans Court to consider the [*Cheney*] mandamus requirements as informed by the *TRAC* analysis").

Here, it is unnecessary for us to reach the application of the *TRAC* factors. Although Ms. Kramer alleges unreasonable delay in the VA's process, Appellant's Br. 2, Ms. Kramer's requested relief is neither a reasoned decision nor further development of her claim, *see* S.A. 5 ("Petitioner seeks a [w]rit of [m]andamus from this [c]ourt compelling Respondent to comply with the Settlement Agreement and to pay forthwith the insurance proceeds in accordance therewith."); *see also TRAC*, 750 F.2d at 76 (explaining that "claims of unreasonable delay" occur where "an agency . . . fails to resolve disputes" giving the appellate court interlocutory jurisdiction to consider the claim). Instead, she seeks substantive relief—an order reversing the VA's decision and compelling the VA to pay her one-half of the NSLI policy. S.A. 5; *see Martin*, 891 F.3d at 1344

(explaining that the *TRAC* factors are relevant when a petitioner's requested relief is adjudication). A writ of mandamus may not be used to compel an outcome-specific order. *See Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383 (1953) ("The office of a writ of mandamus [may not] be enlarged to actually control the decision of the trial court rather than used in its traditional function of confining a court to its prescribed jurisdiction."); *McChesky v. McDonald*, 635 F. App'x 882, 884–85 (Fed. Cir. 2015) (per curiam), *abrogated on other grounds by Martin*, 891 F.3d at 1344 ("In general, '[a] writ of mandamus may be used to compel an inferior tribunal to act on a matter within its jurisdiction, but not to control its discretion while acting, nor reverse its decisions when made.'" (quoting *Ex parte Burtis*, 103 U.S. 238, 238 (1880))). Because a writ of mandamus cannot be used to compel Ms. Kramer's desired relief, the Veterans Court did not commit error by not applying the *TRAC* factors.

Second, Ms. Kramer argues that by "refus[ing] to issue [a] writ of mandamus[,]" the Veterans Court "implicitly rejected" her "interpretation/application of 38 U.S.C. § 1918(b)" and "constitutional due process claim." Appellant's Br. 1; *see* 38 U.S.C. § 1918(b) (providing for assignment of NSLI benefits). Although framed as questions concerning statutory interpretation and constitutionality, Ms. Kramer's appeal involves neither the interpretation of a statute or regulation nor a constitutional issue. A plain reading of the Veterans Court's decision shows that it made no determination concerning Ms. Kramer's interpretation or application of § 1918(b). *See generally Kramer*, 2020 WL 1238376, at *1–2. Instead, the Veterans Court applied the AWA to the facts of Ms. Kramer's case and, as a result, denied her petition because she had an adequate alternative means to obtain her desired relief. *Id.* at *2. To the extent that Ms. Kramer raises arguments concerning the merits of her underlying claim, it is outside the scope of our review. When a veteran or beneficiary petitions for a writ

of mandamus, "[w]e may not review the factual merits of the [underlying] claim"; instead, "we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Beasley*, 709 F.3d at 1158; *see TRAC*, 750 F.2d at 79 ("[W]e must be circumspect in exercising jurisdiction over interlocutory petitions[.]").  In particular, "we do not interfere with the [Veterans Court]'s role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case." *Beasley*, 709 F.3d at 1158; *see also* 38 U.S.C. § 7292(d)(2) (providing that we lack jurisdiction to "review . . . a challenge to a law or regulation as applied to the facts of a particular case").

Moreover, "[a]lthough we have jurisdiction to consider constitutional questions, [Ms. Kramer] must do more than state that improper application of law to fact in the Veterans Court implicitly violates the constitution." *Wright v. Wilkie*, No. 2020-1982, 2020 WL 7332570, at *2 (Fed. Cir. Dec. 14, 2020) (per curiam); *see Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding that an appellant's "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack").  Here, Ms. Kramer has presented no arguments for us to evaluate beyond the bare assertions of constitutional wrongdoing.  *See Helfer*, 174 F.3d at 1335 ("[W]hen [a petitioner] contends that the [Veterans Court] violated his constitutional rights by ignoring mandatory authority that compelled a [different] finding . . . he is really arguing the merits of his [substantive] claim, not raising a separate constitutional contention." (internal quotation marks omitted)); *Randolph v. McDonald*, 576 F. App'x 973, 975 (Fed. Cir. 2014) ("Without an explanation providing an adequate basis for [an appellant]'s claims, they are constitutional claims in name only and thus outside of our jurisdiction." (citation omitted)).  Consequently, because the Veterans Court's decision did not make any determination regarding Ms. Kramer's interpretation or application of § 1918(b) or

constitutional due process claim, we have no jurisdiction to consider these arguments. Therefore, the Veterans Court did not abuse its discretion or commit legal error by denying Ms. Kramer's Petition.

## CONCLUSION

We have considered Ms. Kramer's remaining arguments and find them unpersuasive. For the above reasons, we affirm the Judgment of the U.S. Court of Appeals for Veterans Claims and dismiss those parts of Ms. Kramer's appeal over which we lack jurisdiction.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

## COSTS

No costs.