NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**GUADALUPE R. DURAN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————————

2022-2053

———————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-6966, Judge Coral Wong Pietsch.

———————————————

Decided:  May 4, 2023

———————————————

GUADALUPE R. DURAN, Agoo, La Union, Phillippines, pro se.

DANIEL F. ROLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

———————————————

Before LOURIE, DYK, and STOLL, *Circuit Judges*.

PER CURIAM.

Guadalupe R. Duran appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming a Board of Veterans' Appeals ("the Board") decision that denied Duran's claim for an effective date earlier than March 1, 1987 for survivor's pension benefits. *Duran v. McDonough*, No. 18-6966, 2021 WL 4472536 (Vet. App. Sept. 30, 2021) ("*Decision*"). For the reasons detailed below, we *dismiss* Duran's appeal for lack of jurisdiction.

## BACKGROUND

Duran's husband served in the U.S. Army, although the parties disagree as to his period of service. Duran alleges that her husband served from 1917–1950, a period of 33 continuous years spanning both world wars. The Secretary only notes that Duran's husband served from July 1946–November 1947. Duran also alleges that her husband served in an artillery unit, and that he was a prisoner of war at Camp O'Donnell during a period of his service, causing adverse effects to his respiratory and cardiovascular systems. Duran's husband passed away on March 19, 1985.

Within a month of her husband's death, Duran filed an application at the Department of Veterans Affairs ("the VA") for dependency and indemnity compensation ("DIC") or, in the alternative, survivor's pension benefits. That initial application was denied by the Manila regional office ("RO") in January 1986 because Duran's annual income exceeded the limit allowed by law for pension benefits. Duran did not appeal that decision.

In February 1987, Duran filed another application for survivor's pension benefits, which the RO granted in

September of the same year with an effective date of March 1, 1987. Duran also did not appeal that decision.

In October 2012, Duran submitted a claim that the RO interpreted as (1) seeking aid and attendance or housebound benefits, (2) arguing for an earlier effective date for the grant of survivor's pension benefits, and (3) claiming that the RO had committed clear and unmistakable error ("CUE") in its January 1986 and September 1987 decisions. In a May 2013 decision, the RO denied Duran's requested relief. Duran then filed a timely Notice of Disagreement, indicating that she never intended to file a claim for specialized aid and attendance or housebound benefits, but was only attempting to claim an earlier effective date and increased payment rate for survivor's pension benefits. In a January 2014 Statement of the Case, the RO denied Duran's claim for entitlement to an earlier effective date with respect to survivor's pension benefits, but did not address the issue of an increased payment rate. Duran appealed her claims to the Board in February 2014.

In August 2018, the Board dismissed Duran's appeal on the issue of an earlier effective date for survivor's pension benefits and remanded the issue of an increased payment rate. Suppl. App. 14. The Board determined that the RO's September 1987 decision establishing an effective date of March 1, 1987 was final and thus could only be revised if it contained CUE. *Id.* at 12. The Board acknowledged that Duran referenced CUE but held that those references did not provide the requisite level of specificity to have formed a proper CUE motion with respect to an earlier effective date. *Id.* at 13. Accordingly, the Board dismissed the issue of entitlement to an earlier effective date for survivor's pension benefits and invited Duran to properly raise a CUE motion on the issue to the RO. *Id.* at 13–14. With respect to the issue of an increased payment rate for Duran's survivor's pension benefits, the Board found that the issue was not discussed in the January 2014 Statement of the Case and remanded the issue to the RO

for the issuance of a new Statement of the Case. *Id.* at 14. The Board also noted that Duran referenced DIC benefits, as well as benefits not administered by the VA and held that it did not have jurisdiction over those issues until they had been adjudicated by the RO or appropriate agency. *Id.* at 10–11. Duran appealed the Board's decision to the Veterans Court.

In September 2021, the Veterans Court affirmed the Board's August 2018 decision. *Decision* at *5. The court held that the Board was correct in barring Duran's claim to an earlier effective date as a matter of law because the RO's September 1987 decision was final, and that Duran had not properly moved to revise that decision for CUE. *Id.* at *4. The court also held that Duran's appeal contained no arguments concerning why the Board's decision on that issue was incorrect, and that other issues raised in the appeal were not within the Veterans Court's jurisdiction as they were not decided by the Board in the underlying decision due to the lack of any previous adjudication by an RO. *Id.* Even though Duran raised an issue concerning the Secretary's delayed production of her husband's service treatment medical records during the Board proceedings, the court found that she had not adequately explained how that had negatively impacted her claim to an earlier effective date or to other forms of benefits. *Id.* Duran then filed a motion for reconsideration, which was denied by the court for failing to demonstrate that the court's decision overlooked or misunderstood any point of fact or law.

Duran then filed the present notice of appeal to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). However,

except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. 38 U.S.C. § 7292(d)(2).

In reviewing a Veterans Court decision, we decide "all relevant questions of law, including interpreting constitutional and statutory provisions," and set aside any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that we conclude is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d). We review questions of statutory and regulatory interpretation *de novo*. *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002) (citing *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000)).

Duran contends that the Veterans Court's decision upholding the Board's denial of an earlier effective date for survivor's pension benefits contains both legal and factual errors. She points out that her husband served for a much longer period than noted by the Board and Veterans Court, and that he was a prisoner of war during a period of his service. Additionally, Duran alleges that she never received the Veterans Court's denial of her motion for reconsideration and maintains that the Secretary's inability to produce her husband's service medical records deprives her of additional benefits including DIC benefits, National Service Life Insurance ("NLSI") benefits, Social Security widow's pension benefits, and Concurrent Retirement and Disability Payments. Thus, Duran argues that the Veterans Court decision unlawfully deprives her of rights in violation of 38 U.S.C. § 1318 and 5 U.S.C. § 2302(b)(1). Furthermore, Duran argues that the Veterans Court

decision violates the due process provision of the Fifth Amendment of the U.S. Constitution.

With respect to Duran's claims for an earlier effective date for survivor's pension benefits, the Secretary responds that we lack jurisdiction to hear this appeal because the Veterans Court did not interpret any statute or regulation, but instead applied established law to the facts at hand. As for Duran's arguments concerning other benefits, including DIC and NLSI benefits, the Secretary claims that Duran is asking us to consider questions not presented to the Board or the Veterans Court in the first instance. In response to Duran's claim of a constitutional due process violation, the Secretary asserts that Duran's argument is nothing more than a bare assertion of constitutional wrongdoing, and that forcing Duran to abide by the statutory scheme in seeking an earlier effective date does not deprive her of a right to be heard.

We agree with the Secretary that the Veterans Court did not opine on the meaning of any statute, regulation, or otherwise make a legal interpretation. It instead applied established law in reviewing the Board's denial of Duran's claim as to an earlier effective date for survivor's pension benefits, as well as the Board's denial of an increased payment rate. Even though Duran facially contends that the Veterans Court decision involved the validity or interpretation of a statute or regulation, her underlying arguments involve factual issues including her late husband's period of service in the U.S. Army and his status as a prisoner of war during a portion of his service. Duran Br. at 1–2. Duran raises those factual issues without adequately explaining how they relate to any Veterans Court determination concerning the validity or interpretation of a law.

Furthermore, Duran's arguments on appeal do not contest the determinations underlying the Board's and Veterans Court's denial of an earlier effective date, namely the finality of the September 1987 decision and the adequacy

of a CUE claim filed at the RO.  Even if Duran were to dispute the cogency of a previous CUE claim, we "lack jurisdiction to consider whether [the appellant] raised a valid CUE claim" unless there is a legal issue presented. *Kernea v. Shinseki*, 724 F.3d 1374, 1382 (Fed. Cir. 2013).  Moreover, Duran's contentions relating to an increased payment rate and additional forms of benefits must first have been addressed in turn by the RO, the Board, and the Veterans Court before we review them on appeal, *see Garza v. Shinseki*, 480 F. App'x 984, 987 (Fed. Cir. 2012); 38 U.S.C. § 7292(a), and any challenge as to whether they were raised absent any legal issue is a factual inquiry over which we lack jurisdiction.

Likewise, Duran's procedural contentions involving the service of the Veterans Court's denial of her motion for reconsideration and the Secretary's production of her husband's service medical records to the Board do not involve the validity or interpretation of a statute or regulation by the Veterans Court, although those issues may bear on the merits of yet-to-be-adjudicated claims.

With respect to Duran's claims of a Fifth Amendment due process violation, she has not provided an adequate basis to support her contentions.  Duran only facially asserts a constitutional issue and does not elaborate how the Veterans Court's decision violated her rights.  Thus, we do not have jurisdiction to consider those arguments. *Randolph v. McDonald*, 576 F. App'x 973, 975 (Fed. Cir. 2014) ("Without an explanation providing an adequate basis for [the appellant's] claims, they are constitutional claims in name only and thus outside of our jurisdiction." (citing *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999))).  In any case, the Board and Veterans Court have informed Duran that she may raise her claims again using proper requests to the RO and other agencies, which will then provide decisions amenable to judicial review. *See* Suppl. App. 13–14; *Decision* at \*4.

Duran thus has not raised any issue "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a).

### CONCLUSION

We have considered Duran's remaining arguments, but we find them unpersuasive. For the foregoing reasons, we *dismiss* her appeal for lack of jurisdiction.

### DISMISSED

### COSTS

No costs.