NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN HASSAN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1832

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-6701, Chief Judge Margaret C. Bartley.

---

Decided:  February 20, 2024

---

JOHN HASSAN, Center Moriches, NY, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

---

Before PROST, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

### DECISION

John Hassan appeals the order of the United States Court of Appeals for Veterans Claims ("Veterans Court") that denied his petition for extraordinary relief in the form of a writ of mandamus. *Hassan v. McDonough*, No. 22-6701 (Vet. App. Feb. 13, 2023), App. 1.* For the reasons set forth below, we *dismiss* for lack of jurisdiction.

### DISCUSSION

#### I

This appeal arises out of what appears to be a long-running dispute between Mr. Hassan and the Department of Veterans Affairs ("VA"). The dispute came to the Veterans Court on October 27, 2022, when Mr. Hassan petitioned the court to compel the VA to assist with plumbing repairs in his home. App. 1. In support of his petition, Mr. Hassan alleged that the VA would not respond, or respond appropriately, to his calls for help. *Id.* On December 2, 2022, the court ordered the Secretary to respond to Mr. Hassan's petition. Doing so, the Secretary stated that, between 2012 and 2016, the VA had attempted to assist Mr. Hassan with necessary plumbing repairs so that he could receive vocational rehabilitation and educational services in his home, but that Mr. Hassan had declined to cooperate in the effort. *Id.* at 1–2. On December 29, 2022, Mr. Hassan submitted correspondence to the Veterans Court. In it, he stated that the Secretary's response was inaccurate and that he had never refused the VA's services. *Id.* at 2.

---

\*    "App." citations are to the appendix filed with Respondent-Appellee's Informal Response Brief, ECF No. 7.

In its February 13, 2023 Order, the Veterans Court determined that Mr. Hassan had failed to demonstrate entitlement to a writ of mandamus. *Id.* Rejecting Mr. Hassan's claims to the contrary, the court found that the VA is willing to assist Mr. Hassan with plumbing repairs in his home but is unable to do so because Mr. Hassan has refused to remove extreme clutter, including boxes piled to the ceiling that prevent access. *Id.* The court concluded:

> Ultimately, Mr. Hassan's assertion that VA is refusing to facilitate repairs and will not return his calls is contradicted by the evidence provided by the Secretary—and Mr. Hassan himself—demonstrating that VA has been ready to assist Mr. Hassan with plumbing repairs for more than a decade, that it is currently actively engaged with Mr. Hassan and continuing to offer services, and that it is Mr. Hassan who is refusing to facilitate repairs and who has declined VA's assistance. . . . [U]nder the circumstances present here, the Court concludes that Mr. Hassan has not demonstrated a clear and indisputable right to a writ or that a writ is warranted because he refused VA's assistance and prevented access to the areas of his home in which repairs are needed.

*Id.* at 2–3. Accordingly, the Veterans Court denied Mr. Hassan's petition. *Id.* at 3.

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We have jurisdiction to decide an appeal insofar as it presents a challenge to the court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). However, we lack jurisdiction to entertain a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case, unless the

appeal presents a constitutional issue. *Id.* § 7292(d)(2). Although we possess "jurisdiction to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question," and although we may determine whether the veteran "has satisfied the legal standard for issuing the writ," we may not "review the factual merits of the veteran's claim." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

We have reviewed the decision of the Veterans Court and have considered the arguments raised by Mr. Hassan in his appeal. Based upon the part of the Veterans Court's decision that we have quoted above, however, it is clear that the court denied Mr. Hassan's petition based solely upon what it found to be the facts of the case. Specifically, the court determined that, based upon those facts, Mr. Hassan had failed to establish entitlement to a writ of mandamus. Mr. Hassan disputes the court's determination, but he does so only by challenging the court's findings of fact. He thus presents a claim beyond our jurisdiction.

Indeed, we have consistently refused to exercise jurisdiction in appeals of denials of a writ of mandamus by the Veterans Court when the appeals challenge only factual determinations or the application of law to fact. *See Fermin v. McDonough*, No. 2023-1482, 2023 WL 6994232, at *2–3 (Fed. Cir. Oct. 24, 2023) (dismissing an appeal of the denial of a petition for writ of mandamus as it related to challenges to factual determinations or the law as applied to the facts); *Hooper v. McDonough*, No. 2022-1738, 2022 WL 4091865, at *2–3 (Fed. Cir. Sept. 7, 2022) (dismissing an appeal for lack of jurisdiction, noting that the veteran's arguments "merely raise issues about factual findings and the application of a settled (and un-challenged) legal standard to the facts of this case"); *McLean v. Wilkie*, 780 F. App'x 892, 895 (Fed. Cir. 2019) (dismissing an appeal presenting only issues challenging factual determinations and the application of law to fact); *Peet v. Shulkin*, 686 F. App'x 914, 916 (Fed. Cir. 2017) ("[E]ven if Mr. Peet addressed the

Veterans Court's findings, we could not review them. The findings in question involve both findings of fact . . . and an application of law to disputed facts."); *Spear v. McDonald*, 586 F. App'x 591, 592 (Fed. Cir. 2014) ("[W]hether Mr. Spear satisfied the requirements for a writ of mandamus is a challenge to the Veterans Court's application of law to facts, over which we have no jurisdiction.").

## CONCLUSION

For the foregoing reasons, we lack jurisdiction to adjudicate Mr. Hassan's appeal. The appeal is therefore dismissed.

## **DISMISSED**

### COSTS

No costs.